IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NADINE CAMARA, an individual, CHRISTINE DAVIS, an individual, STEPHANIE DOBBS, an individual, MICHELLE COTTRILL, an individual, and JENNIFER WILKENS, an individual,

    Plaintiffs,

v.

BAYER CORPORATION, an Indiana corporation, BAYER HEALTHCARE PHARMACEUTICALS INC., a Delaware corporation, BAYER HEALTHCARE LLC, a Delaware limited liability company, BERLEX LABORATORIES INTERNATIONAL, INC., a Delaware corporation, BAYER SCHERING PHARMA AG, a German Corporation, BAYER AG, a German corporation, SCHERING AG, a German corporation, MCKESSON CORPORATION, a Delaware corporation, and DOES 1-50,

    Defendants.

No. C 09-06084 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION TO MDL 2100**

**INTRODUCTION**

    In this pharmaceutical products-liability case, defendants Bayer Corporation, Bayer Healthcare LLC, and Bayer Healthcare Pharmaceuticals, Inc. ("Bayer defendants"), move to stay this action pending a potential transfer to a multidistrict litigation proceeding. Plaintiffs Nadine Camara, Christine Davis, Stephanie Dobbs, Michelle Cottrill, and Jennifer Wilkens move to remand this action to state court for lack of subject-matter jurisdiction due to the absence of

complete diversity.  Defendants' motion to stay pending transfer to MDL is **GRANTED**. This order defers ruling on plaintiffs' motion to remand.

**STATEMENT**

Bayer defendants are pharmaceutical companies that manufactured the prescription oral contraceptives commonly known as Yasmin® and YAZ®.  This products-liability case is one of a large number of actions filed against defendants for the alleged personal injury caused by Yasmin® and YAZ®.  On October 1, 2009, an MDL panel transferred 32 actions pending at the time to MDL No. 2100 in United States District Court for the Southern District of Illinois for coordinated or consolidated pretrial proceedings before the Honorable David R. Herndon. *In re: Yasmin, Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation.* 655 F. Supp. 2d 1343 (J.P.M.L. 2009).  As of January 15, 2010, 180 additional actions have been transferred to MDL No. 2100 (Schwartz Decl. Exh. C at 1).  Additionally, in the opposition to stay and motion for remand, plaintiffs briefly mention California's Petition for Coordination filed with the Judicial Council of California on September 29, 2009.  On January 11, 2010, the Honorable Judge Lichtman granted the Petition for Coordination in the JCCP (Br. 4).

Plaintiffs filed a state court action for personal injury allegedly caused by Yasmin® and YAZ® on November 30, 2009, in the Superior Court of California for the County of Los Angeles. In the complaint, plaintiffs allege claims of:  (1) strict liability for failure to warn; (2) strict liability for design defect; (3) negligence; (4) breach of implied warranty; (5) breach of express warranty; (6) violation of California Civil Code Sections 1709 and 1710; (7) negligent misrepresentation; (8) violation of California Business and Professions Code Section 17200; (9) violation of California Business and Professions Code Section 17500; and (10) violation of California Civil Code 1750.

On December 30, defendants removed this action to federal court, alleging that defendant McKesson, a citizen of California, was fraudulently joined in an effort to avoid federal jurisdiction.  On January 5, 2010, Bayer defendants filed a letter with the JPML identifying this case as a tag-along action to MDL No. 2100 (Schwartz Decl. ¶ 3).  On January 15, a conditional

2

1    transfer order issued for the instant action (Schwartz Decl. ¶ 4).  Defendants now move for a stay
2    of this action, pending a transfer to MDL No. 2100.
3       On January 27, plaintiffs filed a motion to remand the action, claiming lack of complete
4    diversity.  Plaintiff's contend that under 28 U.S.C. 1441(b), this Court lacks subject-matter
5    jurisdiction because both defendant McKesson and plaintiffs Camara and Wilkins are citizens of
6    California.  Defendants argue that McKesson was fraudulently joined and should be ignored for
7    purposes of determining diversity jurisdiction.

## ANALYSIS

9    The power to grant a temporary stay "is incidental to the power inherent in every court to
10   control the disposition of the causes on its docket with economy of time and effort for itself, for
11   counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Plaintiffs argue that
12   the Court should rule on the motion to remand before deciding to stay this action despite its being
13   filed later.  Whether a motion to remand or a motion to stay should be decided first, however, is
14   "extremely sensitive to the facts of the case." *Burse v. Purdue Pharma Co.*, 2004 WL 1125055
15   at *1 (N.D. Cal. 2004).  In another MDL No. 2100 transfer order, the JPML responded to a
16   motion to vacate a conditional transfer order due to a pending motion to remand.  The order
17   denied the motion, stating that "Plaintiff in the action before the Panel can present the motion for
18   remand to state court to the transferee court" (Gabianelli Decl. Exh. D at 1)(citations omitted).
19   As of February 18, thirteen motions to stay pending transfer to MDL have been granted in the
20   Northern and Central Districts of California (Gabianelli Decl. ¶ 2).  Of these thirteen, eight
21   actions have pending motions to remand (*ibid.*).  Plaintiffs argue that "a determination of
22   Plaintiff's remand motions <u>will</u> be made and it is imperative that these decisions are made in
23   California . . ." (Opp. 5).  In light of the eight pending motions for remand in California courts,
24   it is clear that the transferee court will be well-equipped to make an informed and uniform
25   decision on all of these motions to remand to California state court.
26      Plaintiffs argue that the motion to remand should be addressed before a motion to stay is
27   granted.  In view of the MDL, however, doing so would unnecessarily duplicate work and could
28   lead to inconsistent results.  In the motion to remand, plaintiffs argue that defendants cannot show

3

fraudulent joinder. In doing so, plaintiffs mistakenly cite to "this Court" as deciding a similar issue in favor of their fraudulent joinder argument. The language from plaintiffs' memorandum is as follows: "this Court itself has previously addressed this issue" (Br. 11). In support of this assertion, plaintiffs cite to a 2005 decision in the Central District of California to say that "this Court, however, states that Merck does not, and cannot cite any California cases holding that a distributor cannot be liable for failure to warn . . ." (*ibid.*). Although the *Central District* may have come to the above conclusion, plaintiffs fail to cite a decision where "this Court" actually addressed the same issue. The reference to "this Court" in the memorandum is incorrect and misleading.

Plaintiffs also cite to many additional decisions in support of the position that fraudulent joinder is not present in the instant case. These results will likely be taken into consideration in deciding similar motions to remand. In order to prevent inconsistent results, however, this should be done by the MDL panel.

If the remand motion appeared to be more one-sided in favor of plaintiffs, the undersigned would be inclined to decide the motion now, as Judge David Carter did in *Hoiland v. Bayer Corporation et al.*, Case Number 8:09-cv-01350-DOC-RNB. The complaint, however, fails to clearly explain the role of McKesson in the injury of these specific plaintiffs and leaves a suspicion that McKesson could have been added to defeat diversity removal.

## CONCLUSION

For all the above-stated reasons, defendants' motion to stay pending the potential transfer of this action is **GRANTED.** In the interim, this order declines to rule on plaintiffs' motion to remand.

**IT IS SO ORDERED.**

Dated: March 9, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4